IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ALI A. MORSI, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : CASE NO. 7:11-CV-67  HL MSH |
| | : 28 U.S.C. § 2241 |
| ERIC HOLDER, *et al.,* | : |
| | : |
| Respondents. | : |

_____

## RECOMMENDATION OF DISMISSAL

Presently pending before the Court is Respondents' motion to dismiss, filed on May 21, 2012. (ECF No. 33.) In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner was challenging the legality of his continued detention by the Immigration and Customs Enforcement agency. (Pet. for Writ of Habeas Corpus 1, ECF No. 1.) Along with the motion to dismiss, Respondents filed Petitioner's Travel Document which was issued on May 3, 2012, allowing for Petitioner to be deported to his native country of Egypt. (Resp't's Ex. B; ECF No. 33-1.)

In his Response to the motion to dismiss, counsel for Petitioner affirms that Petitioner was indeed deported to Egypt.  (Pet'r's Resp. to Mot. to Dismiss 2, ECF No. 36.)  Because of Petitioner's removal, the Court recommends dismissal of this case as moot.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-

36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336. Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is mooted. *See Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254). Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

WHEREFORE, IT IS RECOMMENDED that Respondents' Motion to Dismiss be GRANTED and Petitioner's Application for writ of habeas corpus be DISMISSED without prejudicing his right to file a new § 2241 petition in the future if a change in his circumstances occurs. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 2nd day of October, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE